## POTTS et al. v. SCHROEDER.

No. 19546. Opinion Filed May 13, 1930.

Petition for Rehearing Withdrawn Dec. 16, 1930.

Simons, McKnight, Simons & Smith, V. L. Headrick, and Koerner, Fahey & Young, for plaintiffs in error.

Harry O. Glasser, for defendant in error.

ANDREWS, J. Edmund Potts became indebted to Henry Schroeder and Schroeder

instituted a suit in the district court of Garfield county to recover a judgment for the amount thereof. He filed therein an affidavit in garnishment asserting that the Roxana Petroleum Corporation was indebted to or had property, real or personal, in its possession or under its control belonging to Potts. The Roxana Petroleum Corporation filed its answer and admitted an indebtedness of $142.50 to Potts for personal service rendered by Potts in behalf of the Roxana Petroleum Corporation and denied any other liability to Potts. Schroeder gave notice of an exception to the answer of the garnishee, and the cause was tried to the court without a jury on the answer of the garnishee and the exception thereto. The trial court rendered judgment in favor of Schroeder and against the Roxana Petroleum Corporation in an amount considerably in excess of the amount admitted by the Roxana Petroleum Corporation to be due, and from that judgment an appeal was taken to this court.

Schroeder will be hereinafter referred to as plaintiff, Potts as defendant, and the Roxana Petroleum Corporation as garnishee.

The record in this case shows that the defendant was emp'oyed by the garnishee, and that at the time of the service of the garnishment summons in the case the garnishee was indebted to him in the sum of $142.50 for personal services. That amount is not questioned.

The record further shows that the Asiatic Petroleum Company, Ltd., De Bataafsche Petroleum Maatschappy (i. e., Batavian Petroleum Company), and the Anglo-Saxon Petroleum Company, Ltd., founded the Provident Fund of The Combined Petroleum Companies, hereinafter referred to as "the fund"; that defendant made application to be made a member thereof; that defendant gave the garnishee directions for the application of a portion of his compensation to the fund, and that defendant accepted the rules and regulations of the fund.

The material portion of the application for membership was as follows:

"I have received the regulations of the Provident Fund which the Asiatic Petroleum Company, Limited, have formed, in conjunction with the Anglo-Saxon Petro'eum Company, Limited, and the Bataafsche Petroleum Maatschappy, and I hereby formally apply to become a member of the 'Voorzieningsfonds der Verbonden Petroleum Maatschappyen,' at The Hague, and I hereby agree to accept the rules and regulations of the fund.

"I desire to contribute 10 per cent. of my salary to the fund, the first contribution to be on the salary due me on _____.

"I have authorized the Roxana Petro'eum Corporation in the case of my being accepted as a member of the fund, to deduct any cash contribution, whatever it may be for the time being, according to the communication from the fund, for each payment of my salary, which contribution shall be paid by them into the fund on my behalf"

—and of the direction of the garnishee was as follows:

"I enclose herewith an application form, addressed to the board of administrators of the 'Voorzieningsfonds der Verbonden Petroleum Maatschappyen' at The Hague, to become a member of that fund and should be pleased if you would recommend my admission by the fund. In the case of my being accepted as such, I authorize the deduction of my cash contribution, whatever it may be for the time being, from each payment of my salary, the first deduction to be from the salary due to me on May 31, 1921, which contribution is to be paid by you, or any other company employing me during my membership of the fund, on my behalf into the said fund."

The rules and regulations show that the fund is legally represented by a board of administrators who are entrusted with the entire management and administration thereof. The garnishee made application to join the fund and was duly admitted into membership therein, but has no control whatever over the fund, its investment, or disbursement, and has no authority to recover from the fund any contribution that it has made thereto. Under those rules and regulations the defendant is entitled to withdraw from the fund the amount to his credit therein.

The disbursement of the fund to employes such as the defendant is made as follows: The administrators thereof advise the employer member company the amount to the credit of the employee in the fund and accompany the advice by a receipt for that sum with the request that the employer member company have the receipt signed and make payment to the employee at the current rate of exchange. When this is done by the employer member company and the administrators of the fund are so advised, the administrators of the fund send the employer member company a remittance from the fund to cover the amount of the disbursement, or settlement may be made between the employee and the administrators of the fund without the intervention of an employer member company.

The plaintiff contends that this fund was under the control of the garnishee, and therefore subject to garnishment. Garnishee denies that and asserts that it has no control over the fund. Plaintiff says:

"Could it be sensibly argued that in a situation such as we have here, where the employee has been in the employ of the company for more than five years, and has severed his connnections therewith, and admittedly is entitled to everything (Record p. 51) that he would be required, in the event of failure upon the part of the Roxana Petroleum Corporation to pay to him at St. Louis, Missouri, that which he is entitled to receive, to go to London, England, or to The Hague in the Netherlands, and there institute a suit against an intangible thing called the fund that is in some manner administered through unidentified representatives of one Dutch and two English corporations, which are referred to in very indefinite printed regulations, Exhibit 'C', (Record pp. 97 to 106, inclusive), as the Combined Petroleum Companies?"

The answer to that statement is, that the record in this case shows that the defendant placed his money with this fund under the rules and regulations of this fund and that he is bound thereby, and that, since he is bound thereby, his creditors are likewise bound thereby.

An examination of the record in this case shows nothing that would warrant this court in holding that the Roxana Petroleum Corporation has any control over the disbursement of this fund except as a disbursing agent for the fund. The difficulty attendant upon or the impossibility of reaching the fund by garnishment in Oklahoma cannot change the law with reference to garnishment proceedings.

Section 354, C. O. S. 1921, is controlling as to garnishments and requires proof that the garnishee " * * * is indebted to or has property, real or personal, in his possession or under his control belonging to the defendant. * * * " In the case at bar the garnishee is not indebted to the defendant in any amount other than the $142.50 admitted. It has paid him his compensation as directed by his written instructions. That portion of the payments made to the fund are as much payments to him as though they had been made to him directly, for they were made under his written direction. The record shows that the garnishee has no property in its possession or under its control belonging to defendant.

A garnishment proceeding is no more than a substitution of the plaintiff for the defendant debtor in the enforcement of any liability against the garnishee, and the plaintiff may acquire no greater rights against the garnishee than the debtor himself possesses or could enforce. Jacobs v. Colcord, 136 Okla. 158, 275 Pac. 649, and cases therein cited. The defendant has no claim against the garnishee. His claim is against the fund. The plaintiff has no cause of action against the garnishee and his claim in garnishment must be against the fund.

Plaintiff rests his case on the proposition that this court will not disturb the judgment of the trial court where there is any competent evidence reasonably tending to support its conclusions. We admit that rule of law and the soundness of the cases cited in support thereof; but there is another rule, corollary to it, that where there is no evidence reasonably tending to support the judgment of the trial court, the judgment will be reversed on appeal. That rule is so well settled as to require no citation of authority.

In this case the defendant entered into an agreement with the administrators of the fund by which, in consideration of his paying ten per cent. of his wages and his employer paying a like amount to the fund, it would repay him the total amount invested with interest thereon as stated in the rules and regulations of the fund. The contract was between him and the administrators of the fund, and not between him and the garnishee. The garnishee is not indebted to him and has no property, real or personal, belonging to him in its possession or under its control.

Plaintiff proceeds on the theory that defendant had deposited money with the garnishee. The record does not sustain that contention.

There is no evidence reasonably tending to support the judgment of the trial court, and that judgment is reversed.

LESTER, V. C. J., and HUNT, CLARK, and HEFNER, JJ., concur. MASON, C. J., and RILEY and CULLISON, JJ., absent. SWINDALL, J., disqualified.